UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

_____
                                                         )
DESTANEY TAYLOR,                                         )
                                                         )
        Plaintiff,                                       )
                                                         )
                                                         )
        v.                                               )        Civil Action No. 14-0935 (PLF)
                                                         )
DISTRICT OF COLUMBIA,                                    )
                                                         )
        Defendant.                                       )
_____                 )


<u>MEMORANDUM OPINION</u>

        This action was brought by plaintiff Destaney Taylor against the defendant

District of Columbia ("the District") pursuant to the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. 1400 *et seq.*  She seeks $28,395 in attorneys' fees from the District related

to the implementation of a hearing officer determination ("HOD") that awarded her

compensatory education for the denial of a free appropriate public education.  Pending before the

Court is plaintiff's motion for summary judgment, which seeks as its only relief the requested

fees.  Upon consideration of the motion, the attached exhibits, and the entire record herein, the

Court will grant in part and deny in part Taylor's motion for summary judgment and award

plaintiff $21,296.25 in attorneys' fees.[1]

_____

        [1]        The papers considered in connection with the pending motion include: plaintiff's
amended complaint ("Am. Compl") [Dkt. No. 7]; the District's answer to plaintiff's amended
complaint ("Answer to Am. Compl.") [Dkt. No. 17]; plaintiff's motion for summary judgment
("Mot.") [Dkt. No. 22]; the District's opposition to plaintiff's motion for summary judgment
("Opp.") [Dkt. No. 23]; and plaintiff's reply to the District's opposition ("Reply") [Dkt. No. 24].

## I. BACKGROUND

Destaney Taylor is an adult student eligible to receive special education and related services from the District of Columbia Public Schools ("DCPS").  At the beginning of the 2013-14 school year, Taylor attempted to enroll at Ballou Senior High School.  Mot. at 2; Am. Compl. Ex. 1 (HOD) at 6 [Dkt. No. 7-1].  The school, however, denied her admission, claiming that she was over the age of compulsory education.  HOD at 6.  Taylor then filed an administrative due process complaint alleging that the District failed to meet its obligations under the IDEA.  Id. at 2-3.  Following a due process hearing, an administrative hearing officer issued a hearing officer determination requiring that DCPS provide and fund — as compensatory education for the denial of a free appropriate public education — six credits towards Taylor's graduation and 50 hours of community service.  Id. at 15.

Taylor's attorney then arranged for her to begin services with Seeds of Tomorrow, a private compensatory education provider, and informed DCPS' case compliance manager.  Mot. at 4.  DCPS, however, refused to authorize the Seeds of Tomorrow's hourly rate or the number of hours per week of specialized instruction requested.  Id. at 4-6.  Despite the fact that Taylor's Individualized Education Plan ("IEP") provided for 17.5 hours of specialized instruction per week, the District refused to authorize any more than 75 total hours for the school year, amounting to less than two hours per week.  Id. at 8.  After failing to reach agreement with the District, Taylor filed a motion for a preliminary injunction before this Court as a member of the Jones subclass in Blackman v. Dist. of Columbia, Civil Action No. 97-1629.

The Court referred the motion to Special Master Elise Baach and the parties entered into a settlement agreement on March 12, 2014.  Mot. at 9-10.  Under the agreement, DCPS paid $27,217.50 to Seeds of Tomorrow for Taylor's credit hours and community service.

2

Mot. Ex. 2 at 1.  Under the settlement agreement, the District also paid plaintiff's attorneys' fees related to the administrative due process complaint and proceedings before this Court.  But with respect to plaintiff counsel's fees related to implementation, the settlement agreement stated that "[n]either this settlement agreement nor any portion herein shall be used or construed as enjoining, estopping or precluding Carolyn Houck, Esq., Taylor's attorney at the administrative level, from seeking fees and costs related to her representation of Taylor in the administrative case 2013-0595 resulting in the December 13, 2013 HOD."  Mot. Ex. 2 at 4.

## II.  LEGAL STANDARD

Under the IDEA, plaintiffs are entitled to reimbursement of "reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  See 20 U.S.C. § 1415(i)(3)(B); see also Blackman v. Dist. of Columbia, 633 F.3d 1088, 1089 (D.C. Cir. 2011).[2]  When determining the award of attorneys' fees and costs in special education cases like this one, the Court must decide whether the fees sought are reasonable by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" — the so-called "lodestar" fee.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see, e.g., In re Olson, 884 F.2d 1415, 1423 n.13 (D.C. Cir. 1989); Sierra Club v. Jackson, 926 F. Supp. 2d 341, 346 (D.D.C. 2013).

A plaintiff must submit supporting documentation with the motion for attorneys' fees, providing sufficient detail so that the Court can determine "*with a high degree of certainty*" that the hours billed were "actually and reasonably expended," that the hourly rate charged was

---

[2]  The District does not contest that plaintiff is a prevailing party.  The Court therefore need not engage in the preliminary inquiry regarding whether the fee applicant is the prevailing party.

reasonable in view of the attorney's reputation and level of skill and experience with respect to this type of case, and that the matter was appropriately staffed to do the work required efficiently and without duplicative billing.  In re Olson, 884 F.2d at 1423, 1428-29 (emphasis in original); see Hensley v. Eckerhart, 461 U.S. at 433; Covington v. Dist. of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995); Blackman v. Dist. of Columbia, 56 F. Supp. 3d 19, 24 (D.D.C. 2014); Blackman v. Dist. of Columbia, 397 F. Supp. 2d 12, 14 (D.D.C. 2005).  At a minimum, a fee applicant must provide some information about the attorney's billing practices, hourly rates, and skill and experience, as well as the nature of the attorney's practice as it relates to this kind of litigation and the prevailing market rates in the community.  Rooths v. Dist. of Columbia, 802 F. Supp. 2d 56, 60 (D.D.C. 2011); Blackman v. Dist. of Columbia, 397 F. Supp. 2d at 14-15.

Once a plaintiff has provided such information, there is a presumption that the number of hours billed and the hourly rates are reasonable, and the burden shifts to the defendant to rebut the plaintiff's showing of reasonable hours and reasonable hourly rates for attorneys of the relevant skill and expertise.  See Watkins v. Vance, 328 F. Supp. 2d 23, 26 (D.D.C. 2004); "[I]n the normal case the Government must either accede to the applicant's requested rate or provide specific contrary evidence tending to show that a lower rate would be appropriate." Covington v. Dist. of Columbia, 57 F.3d at 1109-10 (quoting Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1326 (D.C. Cir. 1982)); see also Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 60.

## III.  DISCUSSION

Taylor seeks to recover fees for 63.1 hours of work done by her attorney, Carolyn Houck, to implement the HOD.  In support of her motion for summary judgment, plaintiff has submitted a declaration attesting to the experience and billing practices of Ms. Houck, the

attorney who worked on this case.  See Declaration of Carolyn Houck, Mot. Ex. 29 ("Houck

Decl.").  Plaintiff also has submitted an invoice documenting the hours billed.  See Invoice, Mot.

Ex. 5.

### A.  The Hourly Rate is Reduced

Plaintiff's attorney, Carolyn Houck, is an attorney with 18 years of legal

experience in the field of special education.  Houck Decl. at 1.  Plaintiff seeks fees at an hourly

rate of $450 per hour, equivalent to the rate established by the so-called Laffey Matrix for an

attorney with between 11 and 19 years of experience.  Mot. at 19; see Laffey Matrix

– 2003-2014, available at http://www.justice.gov/sites/default/files/usao-

dc/legacy/2013/09/09/Laffey_Matrix%202014.pdf.  That schedule of attorneys' fees, first

developed based on information about the prevailing rates charged by federal litigators in the

District of Columbia, is maintained by the United States Attorney's Office for the District of

Columbia.  See id. at nn.1-3.  In this Circuit, the rates contained in the Laffey Matrix are

typically treated as the highest rates that will be presumed to be reasonable when a court reviews

a petition for statutory attorneys' fees.  See Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 61;

Blackman v. Dist. of Columbia, 59 F. Supp. 2d 37, 43 (D.D.C. 1999).

The District argues that the hourly rate should be reduced to three-quarters of the

Laffey rate for an attorney of Houck's experience.  Opp. at 5-7.  Many judges of this Court,

including the undersigned, generally cap attorneys' fees at three-quarters of the Laffey rate for

routine IDEA cases — where the claims involve "simple facts, little evidence, and no novel or

complicated questions of law."  Rooths v. Dist. of Columbia, 802 F. Supp. 2d at 63; see also

McAllister v. Dist. of Columbia, 53 F. Supp. 3d 55, 60 (D.D.C. 2014); Sykes v. Dist. of

Columbia, 870 F. Supp. 2d 86, 96 (D.D.C. 2012).  This is such a case and the Court therefore

awards an hourly rate of $337.50, three-quarters of the <u>Laffey</u> rate for an attorney with between 11 and 19 years of experience.

### B. The Hours Billed Are Awarded in Full

The District concedes, as it must, that plaintiff may recover attorneys' fees related to the implementation of the HOD pursuant to the 2011 and 2013 Alternative Dispute Resolution Agreements entered into by the District in the <u>Blackman/Jones</u> case. <u>See</u> <u>Blackman v. Dist. of Columbia</u>, 56 F. Supp. 3d at 29 ("That agreement expressly states that implementation fees in this case are compensable and further notes that plaintiff 'may seek an award for the total amount of implementation fees from the United States District Court.'").  But the District contends that plaintiff's attorney failed to achieve timely implementation of the HOD and therefore that "none of the invoiced legal services qualify for implementation fees under the ADR provisions."  Opp. at 1.  The Court is unpersuaded.  The District fails to provide any support, from the record or case law, for its argument that plaintiff must achieve timely implementation of the HOD, despite the District's refusal to comply, in order to qualify for attorneys' fees.[3]

The District further contends that certain time entries are unreasonable because they "do not involve Ms. Houck providing or obtaining services for Ms. Taylor . . . ."  Opp. at 5. For example, the District argues that plaintiff is not entitled to attorneys' fees for time spent conferring with the vendor and Steve Nabors — the plaintiff's attorney before the Special Master and this Court — and time spent attending the hearing of the Special Master.  <u>Id</u>.  But the District again provides no support for its assertion that these entries are unrelated to the implementation

---

[3]     Similarly, the District's argument that the HOD was "not clear" and "poorly worded," which, the District urges, excuses its failure to timely implement, is irrelevant to determining whether plaintiff's counsel's efforts were related to implementing the HOD.  Opp. at 3.

of the HOD.  To the contrary, these entries — communication with the vendor to negotiate the amount of compensatory education with the District, communication with co-counsel regarding pursuing a preliminary injunction, and attendance at a hearing before the Special Master that resulted in a formal settlement — appear directly related to the implementation of the HOD. Moreover, plaintiff's counsel's efforts were necessitated by the District's prolonged failure to provide the compensatory education ordered by the HOD.  The Court thus finds the hours billed reasonable.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part plaintiff's motion for summary judgment.  The Court will award attorneys' fees to plaintiff in the amount of $21,296.25.  An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 22, 2015